# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30741

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2016

Lyle W. Cayce
Clerk

JODY WRIGHT, individually and on behalf of Brandy Wright; CLAY
BRELAND, individually and on behalf of Kylie Breland, Kaitlyn Breland;
CHRISTOPHER BRELAND; SHAWN EDMONDS; TAMMY EDMONDS,
individually and on behalf of Kelsie Edmonds, Matt Edmonds, et al.,

> Plaintiffs–Appellants,

v.

ANR PIPELINE COMPANY; TRANSCANADA USA PIPELINE SERVICES,
L.L.C., also known as TransCanada; BILLY LUCKY,

> Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-925

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiffs–Appellants sued Defendants–Appellees ANR Pipeline
Company ("ANR"), TransCanada USA Pipeline Services, L.L.C.
("TransCanada"), and Billy Lucky in Louisiana state court. ANR and
TransCanada, which are not Louisiana citizens, removed the case to federal
court on the basis of diversity, arguing that Lucky, who is a citizen of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

Louisiana, had been improperly joined. The district court agreed, denied Plaintiffs' motion to remand, and dismissed Lucky from the suit with prejudice.[1]

Federal diversity jurisdiction ordinarily requires complete diversity of the parties. *Flagg v. Stryker Corp.*, No. 14-31169, 2016 WL 1169067, at *2 (5th Cir. Mar. 24, 2016) (en banc). "However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant[s]." *Id.* We review the dismissal of a defendant as improperly joined de novo. *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

We assume the parties are familiar with the facts and thus move directly to the issue of whether the district court correctly determined that there was no possibility of recovery against Lucky. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (providing that a defendant may be dismissed as improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant"). Having carefully reviewed the facts and arguments, we conclude that the district court did not err in holding that there was no possibility of finding Lucky personally liable pursuant to the Louisiana Supreme Court's opinion in *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973).

The evidence fails to raise a genuine dispute of material fact as to whether ANR and TransCanada delegated a duty to Lucky. As we held in *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 918–19 (5th Cir. 2009) (per curiam), Plaintiffs' reliance on Lucky's job titles and general job

---

[1] The district court also dismissed Plaintiffs Shawn Edmonds, Tammy Edmonds, Kelsie Edmonds, and Matt Edmonds for failing to comply with discovery orders. Plaintiffs do not challenge these dismissals in their briefing on appeal and have thus waived this issue. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009).

description are insufficient to establish delegation. Conversely, Lucky's testimony illustrates that he was a hourly employee, only performed work as directed through work orders, did not have any management or supervisory responsibilities, and was never told by ANR or TransCanada that he was personally responsible for the Jena compression station.

Plaintiffs also failed to raise a genuine dispute of fact that Lucky's personal negligence was the cause of their alleged injuries. As the district court correctly found, the evidence shows that Lucky neither knew nor should have known of the defect that caused liquid to condense in the Jena compression station's pipes or that there was any solution that might have prevented this occurrence. Moreover, Plaintiffs' reliance on *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994), is misplaced. Unlike the case at hand, the individual employee in *Ford* was the manager of the facility, and the evidence demonstrated that he knew of the particular risk. *See id.* at 938–39.

Finally, Plaintiffs' allegations are based entirely on Lucky's general administrative responsibilities. This is insufficient to establish personal liability under Louisiana law. *See Canter*, 283 So. 2d at 721 ("[P]ersonal liability cannot be imposed upon the . . . employee simply because of his general administrative responsibility for performance of some function of the employment."); *Carino v. Wal-Mart La., LLC*, No. CIV.A. 05-1978, 2006 WL 335784, at *3 (W.D. La. Feb. 9, 2006).

While we agree that Lucky was properly dismissed, we disagree with the manner in which the district court dismissed him. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder . . . ." *Smallwood*, 385 F.3d at 573. "[T]he court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Id.* at 576. Because this inquiry does not concern the merits, where the court determines that a defendant has been improperly joined and should be dismissed, that

dismissal must be *without* prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). Here, however, the district court dismissed Lucky *with* prejudice. Because the district court did not have jurisdiction to dismiss Lucky *with* prejudice, we VACATE its order dismissing Lucky from the suit with prejudice and REMAND with instruction that Lucky be dismissed *without* prejudice. We AFFIRM the other orders identified in Plaintiffs' Notice of Appeal.