RHESA HAWKINS BARKSDALE, Circuit Judge:
For this 28 U.S.C. § 1292(b) interlocutory appeal from a remand-denial, where diversity-jurisdiction removal was premised on claimed fraudulent joinder, at issue is whether there is any reasonable basis for predicting the non-diverse defendant could be liable under Louisiana law and, therefore, not fraudulently joined. (Our court now refers to “fraudulent joinder” as “improper joinder”. See Smallwood v. Illinois Central Railroad Co., 385 F.3d 568 n. 1 (5th Cir.2004)(en banc).) AFFIRMED and REMANDED.
*330 I.
Plaintiffs, all Louisiana residents, individually and on behalf of a putative class of homeowner and automobile policyholders, filed this action in Louisiana state court, primarily claiming: non-resident defendants State Farm and Allstate violated Louisiana law and the Louisiana Constitution in setting insurance rates using credit-scoring formulas that had a discriminatory impact based on race and/or the economic condition of the area in which the property to be insured is located; and resident defendant Louisiana Insurance Rating Commission (LIRC) failed in its duty to regulate insurance rates by allowing' State Farm and Allstate to use those formulas. Allstate and State Farm removed this action to federal court under 28 U.S.C. § 1441, claiming complete diversity pursuant to 28 U.S.C. § 1332 because the sole non-diverse defendant, LIRC, is improperly joined. Plaintiffs moved for remand to state court, claiming lack of subject matter jurisdiction. Following a hearing, the district court denied the motion, ruling Plaintiffs did not establish the requisite possibility of liability for LIRC.
II.
For this 28 U.S.C. § 1292(b) appeal, we review de novo the remand-denial. E.g., S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir.1996). The removing party has the burden of establishing improper joinder by showing: Plaintiffs’ inability to establish a claim under state law against the non-diverse defendant; or actual fraud in pleading jurisdictional facts. Smallwood, 385 F.3d at 573 (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir.2003)). Defendants do not claim the latter. Therefore, at issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant, LIRC. See id. (Contrary to the dissent, in making this determination for the claim against LIRC, we do not consider the Eleventh Amendment or questions of jurisdiction that do not bear on whether a claim can be established under state law against LIRC. Obviously, to do otherwise would fly in the face of the purpose, and controlling law, for not allowing improper joinder to defeat federal jurisdiction. See 28 U.S.C. § 1441(b) (removal permitted if “none of the parties in interest properly joined ... is a citizen of the State in which such action is brought”; emphasis added). As discussed below, only Allstate and State Farm were “properly joined”.)
For this issue, two points bear on Plaintiffs’ possible recovery: whether, as required, they exhausted their administrative remedies provided by the Louisiana Insurance Code; and whether LIRC is entitled to state law immunity for discretionary acts for the rate setting functions at issue here. (For the latter point, Plaintiffs assert that, even if LIRC is entitled to immunity on damages, the immunity statute does not apply to claims for injunctive and declaratory relief. A review of the pleadings, however, reveals Plaintiffs did not request injunctive or declaratory relief against LIRC. In any event, for the reasons that follow, we need not decide whether LIRC is entitled to immunity. The failure-to-exhaust issue was properly raised (obviously, contrary to the dissent, it was not necessary to assert it pre-re-moval in state court) and is the most definite basis for determining improper join-der.)
“For reasons stated on the record”, the district court relied on discretionary immunity in denying Plaintiffs’ remand motion. Melder v. Allstate, No. 03-2499 (E.D. La. 11 December 2003). Oral argument on the remand motion also included, *331 inter alia, failure to exhaust administrative remedies. (Allstate also raised it in its Rule 12(b)(6) motion to dismiss.) Neither the district court’s certification for interlocutory appeal nor our court’s order granting it specify a controlling question. The failure to do so does not restrict the scope of our review, however, of the remand-denial order. For an appeal under 28 U.S.C. § 1292(b), we may “address any issue fairly included within the certified order because it is the order that is appeal-able, and not the controlling question identified by the district court”. Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996)(internal quotation omitted)(first emphasis added; second emphasis in original). Therefore, because exhaustion of administrative remedies was raised in district court and State Farm and Allstate presented the point in their briefs here, we may consider it.
The Louisiana Constitution vests the Louisiana Commissioner of Insurance with authority to regulate the business of insurance. La. Const, art. IV. Authority over insurance rates, regulations, and all other insurance matters is vested in the Department of Insurance under the Commissioner. See La. Rev. Stat. § 36:381 et seq. The Commissioner is charged with “protection of the public interest in the realm of insurance”. Doerr v. Mobil Oil Corp., 774 So.2d 119, 134 (La.2000) (citing La. Const, art. IV; La. Rev. Stat. § 22:2).
The Louisiana Administrative Code provides a detailed administrative process through which parties may seek relief for violations of Louisiana insurance statutes and regulations. See La. Admin. Code tit. 37, § 1101 et. seq. The practice and procedure rules, for example, provide for a hearing before the Commissioner, following a written petition or complaint, § 1103; at the hearing, parties may be represented by counsel, present evidence, and examine witnesses, §§ 1125-1133; the Commissioner has the power to issue subpoenas to obtain witnesses or documentary evidence necessary for the hearing, § 1121; within 30 days following the hearing, the Commissioner is to enter a written decision and order, § 1139; and that decision is appeal-able to a designated state district court, § 1143. The Commissioner is also authorized, without petition or application by any insured, to investigate and punish unfair practices in the business of insurance, including unfair discrimination in setting rates. La.Rev.Stat. § 22:1214(7)(b).
The Louisiana legislature established LIRC, which is under the control and direction of the Commissioner, who serves as its ex officio chairperson. § 22:1401. LIRC was created “to promote the public welfare by regulating insurance rates to the end that they shall not be excessive, inadequate or unfairly discriminatory”. § 22:1402 (emphasis added). (Insurance rates are discriminatory, of course, through risk factors such as age and gender. For example, it is common knowledge that, in general, automobile insurance rates for teenaged boys are higher than for middle-aged women. Accordingly, the statute mandates rates not being unfairly discriminatory.) Rates include the premium to be charged, including any related fees, or the elements and factors forming the basis for the determination of the premium. § 22:1404.
Insurers are required to file insurance rates with LIRC; it reviews them to determine whether they are reasonable and not unfairly discriminatory. Id. Insurers are prohibited from charging a rate other than one approved by the LIRC. § 22:1406(a). An insured may challenge a rate applicable to his home or automobile by filing a written complaint with the LIRC, requesting a hearing. *332 § 22:1408(D). Further, consistent with the earlier description of the Commissioner’s authority, the Commissioner may investigate rates at any time; his authority is not “circumscribed and limited to functions which do not affect rates.- Rates are the function and concern of both the [LIRC] and the commissioner”. Employers-Commercial Union Ins. Co. v. Bernard, 303 So.2d 728, 732-33 (La.1974).
Plaintiffs allege they were charged automobile and homeowners insurance rates based on a formula that has a discriminatory impact. They assert that, because the formula includes credit scoring information, it has a discriminatory impact on the basis- of race and/or the economic condition of the area in which the property to be insured is located. Because these allegations involve rate-setting, they are within the area LIRC was created to regulate. The record does not reflect that Plaintiffs have filed a complaint with either the Commissioner or the LIRC. Citing the Louisiana Insurance Code, Louisiana Administrative Procedures Act, and case law, State Farm and Allstate contend: Louisiana provides an adequate administrative remedy; and, because Plaintiffs’ claims relate to rate-making, they cannot seek judicial relief until after they have exhausted their administrative remedies. Plaintiffs do not respond to the exhaustion issue, except to claim erroneously it is not properly before us.
Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719, 722 (La.1976), provides that “disputes as to matters within the administrative regulation and expertise should ordinarily first be addressed for determination to the administrative tribunals legislatively intended to decide them rather than to the courts”. Steeg concerned a challenge to rates charged by a title insurance company. Because the administrative remedies were not shown to be inadequate, and plaintiffs failed to exhaust them, their complaint was dismissed. Id. The Steeg court was “unwilling to hold that a judicial claim ... is necessarily available ... [when] an administrative action or rate [is] alleged, to be invalid.or illegal” and an adequate administrative remedy is available. Id. Here, as in Steeg, Plaintiffs have an adequate administrative remedy for addressing insurance-rate grievances. As discussed, the Louisiana Administrative Code provides a detailed procedure for petitioning the Commissioner for review of alleged violations of rate-making regulations and for judicial review of the Commissioner’s decision. LIRC, under the direction of the Commissioner, is charged with responsibility for preventing, and is uniquely qualified to regulate, unfair trade practices in rate making, including unfair discrimination in setting rates. La.Rev.Stat. § 22:1214; see also, Employers-Commercial Union Ins., 303 So.2d at 733.
Given this administrative remedy, Plaintiffs must exhaust it before seeking judicial review. Steeg, 329 So.2d at 722; La. Admin. Code tit. 37, § 1143. Requiring Plaintiffs to do so does not permanently deprive them of judicial review of LIRC’s or the Commissioner’s decisions. Rather, it allows the administrative agency statutorily authorized, and best equipped, to address Plaintiffs’ claims to do so before a court exercises jurisdiction.
Because they have not exhausted the adequate administrative remedies provided by Louisiana law, there is no reasonable basis Plaintiffs might be able to recover in this action against the sole non-diverse defendant, LIRC. Therefore, LIRC is improperly joined; and, accordingly, the remand motion was properly denied.
III.
For the foregoing reasons, the remand-denial is AFFIRMED; and this matter is *333 REMANDED to district court for further proceedings consistent with this opinion.

AFFIRMED and REMANDED.