# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 28, 2011

No. 10-40976

Lyle W. Cayce
Clerk

M. L., as next friend of minor; B. L., as next friend of minor; Z. L., a minor,

Plaintiffs-Appellants

v.

FRISCO INDEPENDENT SCHOOL DISTRICT,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-392

JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The district court concluded that a student and his representatives failed to exhaust administrative remedies under the Individuals with Disabilities Education Act (IDEA). Consequently, the court dismissed their suit. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40976

In August 2008, the plaintiffs requested a due process hearing with the Texas Education Agency pursuant to the IDEA. 20 U.S.C. § 1400 *et seq.* The Agency initiated proceedings. Soon afterwards, the hearing officer sought to resolve whether any exceptions to Texas's one year statute of limitation applied. The hearing officer ordered the parties to submit evidentiary materials on the limitations issue. The plaintiffs submitted briefing but no evidence. The defendant responded with a brief and evidence. The hearing officer concluded that no exceptions to the statute of limitations applied and narrowed the scope of the hearing to events at the school occurring one year prior to the request for a hearing. In her order of January 26, 2009, the hearing officer indicated an openness to the presentation of more evidence on the limitations issue.

Additional orders and conferences followed prior to the filing of the present suit. The hearing officer's final expression of a willingness to receive further evidence on the limitations issue was in a telephone conference of April 22, 2009. The due process hearing was scheduled to begin on August 26, 2009, then was rescheduled to commence on September 21, 2009.

On August 11, 2009, the plaintiffs filed a complaint in the U.S. District Court for the Eastern District of Texas. The claim was that the hearing officer was improperly limiting the due process hearing. A declaratory judgment was sought that the hearing officer had abused her discretion regarding the statute of limitations issue. The hearing officer postponed the due process hearing until after the litigation was concluded. That hearing still has not occurred.

Because there was never a final ruling by the hearing officer on the claims the plaintiffs had brought under IDEA, the district court dismissed for failure to exhaust administrative remedies. The dismissal was said to be for lack of jurisdiction. The plaintiffs timely appealed.

There is no question that the student and parents failed to pursue the administrative process to conclusion. The parties dispute whether the

No. 10-40976

exhaustion requirement presents a jurisdictional bar or acts as a claims processing rule. Under either operation of IDEA's exhaustion requirement, the parties dispute whether any exceptions to exhaustion apply.

The obligation to exhaust the administrative process before filing a suit in federal court arises from the IDEA itself. One section contains a lengthy set of procedural guidelines for the due process hearing. 20 U.S.C. § 1415(f). Texas does not provide for further review within the state administrative process. 19 Tex. Admin. Code § 89.1151(b). Thus, once a party is "aggrieved by the findings and decision made" by the hearing officer, it has the right to bring suit in district court. 20 U.S.C. § 1415(i)(2)(A). There is no statutory provision for a suit seeking interlocutory review of preliminary findings and decisions of the hearing officer.

The plaintiffs somewhat imaginatively styled their pleading as an "Original Complaint and Request for Declaratory Judgment." The jurisdiction asserted was under IDEA as an "interlocutory appeal," for being aggrieved by "pre-hearing orders" entered in the administrative process. The plaintiffs also claimed jurisdiction in the district court was proper under the Declaratory Judgment Act and Federal Rule of Civil Procedure 57. 28 U.S.C. § 2201. The Declaratory Judgment Act is procedural only and is not an independent basis of jurisdiction in federal courts. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 n.19 (2009) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). The plaintiffs have waived any argument about the impact of the declaratory nature of this action on the jurisdictional analysis by failing to raise it in their brief. *ANR Pipeline Co. v. La. Tax Comm'n*, 646 F.3d 940, 949 (5th Cir. 2011).

The plaintiffs claim that further process would have been futile because the hearing officer allegedly had rejected their statute of limitations arguments. The district court was unconvinced by this argument. It dismissed the suit for lack of jurisdiction, holding that the administrative rulings were not even final

3

No. 10-40976

because the hearing officer indicated a willingness to consider additional evidence. Moreover, there was no right to an interlocutory "appeal" of pre-hearing rulings in the IDEA administrative process.

Because the ruling was based on an absence of jurisdiction, the Supreme Court's recent warnings become relevant about using the jurisdictional label too readily. The Court has cautioned "that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory . . . should not be given the jurisdictional brand." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202-03 (2011) (citations omitted).

The Ninth Circuit recently addressed a similar question. *See Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870-71 (9th Cir. 2011) (en banc). There, no due process hearing was ever held. *Id.* at 866. There had been a plan developed for the student's education under the structures of IDEA, and the parents became dissatisfied with the manner in which that plan was being implemented. *Id.* at 865-66. They brought suit under Section 1983 for violations of the child's rights under the Constitution and under IDEA. *Id.* at 866. The jurisdictional argument was based on the failure of the plaintiffs to use the administrative processes available to them prior to bringing suit. *Id.* The Ninth Circuit interpreted the meaning of this specific exhaustion requirement in IDEA:

> before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) [due process hearing] and (g) [administrative appeal, when available] shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l). The court held that this statutory exhaustion obligation did not present a *jurisdictional* bar because the statute did not clearly indicate Congress's intent for this section to be jurisdictional. *Payne*, 653 F.3d at 870-71.

No. 10-40976

We need not decide whether the Ninth Circuit applied the right label to the procedural issue it faced. The only issues before us are whether the plaintiffs failed to exhaust and, since they did fail, whether they have demonstrated futility. The Supreme Court has held that futility in pursuing administrative relief is an exception to exhaustion under IDEA. *Honig v. Doe*, 484 U.S. 305, 327 (1988). We conclude that futility was not proven, as we will later explain. Therefore, purely as a matter of district court discretion, there was no obligation to allow the suit to continue even were exhaustion not jurisdictional. Exhaustion serves vital interests, many of which were thwarted by the premature filing of this litigation and the multi-year delay in having the due process hearing for this child.

So we turn to the futility argument. The court reviews *de novo* dismissals for failure to exhaust administrative remedies. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

The IDEA requires that states receiving federal funding provide for a "free appropriate public education" for all children with disabilities. 20 U.S.C. § 1400(d)(1)(A). In order to vindicate the statutory rights, the IDEA provides a mechanism to challenge the education being provided. 20 U.S.C. § 1415(b)(6)(A). A challenge under the IDEA proceeds through a state administrative process consisting of a due process hearing conducted by a hearing officer. 20 U.S.C. § 1415(f)(1)(A). At the end of the administrative process, either party may challenge the result in federal district court. 20 U.S.C. § 1415(i) (2). The IDEA requires administrative exhaustion prior to instituting an action in federal court. 20 U.S.C. § 1415(*l*). The exhaustion requirement seeks to ensure that parties resolve all "educational issues underlying their claims." *Kutasi v. Las Virgenes Unified Sch. Dist.*, 494 F.3d 1162, 1169 (9th Cir. 2007). Exhaustion is required so long as a plaintiff is seeking some remedy under the IDEA. *See id.* at 1168.

No. 10-40976

Generally, a party required to pursue administrative relief may refuse to engage in or complete such process "where exhaustion would be futile or inadequate." *Honig*, 484 at 327. The plaintiffs bear the burden of demonstrating futility. *Gardner v. Sch. Bd. Caddo Parish*, 958 F.2d 108, 112 (5th Cir. 1992). The plaintiffs argue that exhaustion would be futile because they would not be able to make a complete record prior to bringing their case to the district court. "To show futility, a plaintiff must demonstrate that adequate remedies are not reasonably available or that the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 205 (2d Cir. 2007) (quotation marks and citation omitted). A complaint that the plaintiffs may not have been able to present a full factual record is premature when there is no record of actual limitations placed on the plaintiffs' evidentiary presentation.

The plaintiffs should have exhausted their administrative remedies prior to seeking judicial review.

The plaintiffs argue in the alternative that the hearing officer's orders are collateral orders that are appealable prior to administrative exhaustion. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). "To fall within *Cohen*'s collateral order doctrine, an order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) (quotation marks and citation omitted).

The elements of the collateral order doctrine do not exist here. A determination that a certain limitations period applies does not conclusively resolve an underlying issue and is not separate from the merits of a case. *Aldy v. Valmet Paper Mach.*, 74 F.3d 72, 75 (5th Cir. 1996). The plaintiffs have expressed concern about the limited evidentiary presentation the hearing officer

No. 10-40976

seemingly would have allowed them to make on the statute of limitations issue at the due process hearing.  The fact that they filed this suit before the due process hearing occurred means there is no record of actual limitations imposed on their evidentiary presentation.  The error the plaintiffs allege – limitations on an evidentiary presentation – does not present a risk of harm to a substantial public interest that is effectively unreviewable on appeal.  *Will v. Hallock*, 546 U.S. 345, 353 (2006).

In light of our conclusions, all pending motions are denied.

AFFIRMED.