W. EUGENE DAVIS, Circuit Judge:
We took this case en banc to decide whether the district court erred by dis.missing the non-diverse defendants as improperly joined and exercising diversity jurisdiction over the remaining diverse defendants. We conclude that the district court did not err by concluding that the plaintiff had improperly joined the non-diverse defendants because the plaintiff had not exhausted his claims against those parties as required by statute. Therefore, the district court properly exercised jurisdiction over the diverse defendants which remained in the case.
I.
Defendants Dr. Denise Elliot,. West Jefferson Medical Center, and the Foot and Ankle Center (collectively the “Medical Defendants”) performed surgery and cared for Plaintiff-Appellant Kale Flagg in connection with implanting a toe joint in Flagg’s foot. The toe implant that the Medical Defendants implanted was manufactured by Defendants-Appellees Stryker Corporation and Memometal Incorporated, USA (collectively the “Manufacturing Defendants”).
Flagg claims that the surgery was unsuccessful. He alleges that the toe implant has caused him undue pain, and that he required further surgeries to correct the problem. He therefore alleges that the Medical Defendants committed malpractice by negligently performing the surgery. He further alleges that the toe ini-plant manufactured by the Manufacturing Defendants was defective and unreasonably dangerous.
Flagg filed a lawsuit in Louisiana state court asserting state law medical malpractice claims against the Medical Defendants *135 and state law . products liability claims against the Manufacturing Defendants. All parties agreed that Flagg failed to exhaust his claims against the Medical Defendants in the manner required by the Louisiana Medical Malpractice Act before filing this suit.
The Manufacturing Defendants removed the case to federal court on the basis of diversity jurisdiction. Flagg is a citizen of Louisiana, and the Manufacturing Defendants are' citizens of states other than Louisiana. Therefore, Flagg and the Manufacturing Defendants are completely diverse. However, the Medical Defendants, iike Flagg, are all Louisiana citizens.
In their Notice of Removal, the Manufacturing Defendants argued. that Flagg was prohibited from filing suit against the Medical Defendants because he failed to administratively exhaust his medical malpractice claims before filing this lawsuit as required by Louisiana law. The Manufacturing Defendants therefore argued that Flagg improperly joined the Medical Defendants, such that the district court could exercise diversity jurisdiction over the case.
Shortly after the Manufacturing Defendants removed the case, Flagg moved to stay the case to allow him to exhaust his claims against the Medical Defendants as required by Louisiana law. The district court denied the motion.
The Manufacturing Defendants then argued that, because Flagg failed to exhaust his claims against the Medical Defendants before filing suit, the district court should dismiss the Medical Defendants as improperly joined and disregard their citizenship for the purposes of diversity jurisdiction.
The district court, relying on our decisions in Melder v. Allstate, Corp., 404 F.3d 328 (5th Cir.2005) and Holder v. Abbott Laboratories, Inc., 444 F.3d 383 (5th Cir.2006), agreed that Flagg had improperly joined the Medical Defendants. The court therefore dismissed the Medical Defendants from the case without prejudice. The district court then exercised diversity jurisdiction over the remaining defendants and dismissed Flagg’s action against the Manufacturing. Defendants with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).,
Flagg appealed the district court’s judgment. Although Flagg did not- challenge the district court’s subject matter jurisdiction on appeal, the panel considered sua sponte whether the district court properly exercised diversity jurisdiction over the case. The panel majority concluded that the Medical Defendants were not improperly joined and directed the district court to remand the case to state court.[1] For that reason, the panel did not reach the propriety of the district court’s Rule 12(b)(6) dismissal of the Manufacturing Defendants.
We took this case en banc to decide whether the district court correctly dismissed the action against the Medical Defendants as improperly joined and exercised jurisdiction over the Manufacturing Defendants.
II.
The federal courts may exercise diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000.[2] An out-of-state defendant may generally remove a ease filed in state court to a federal district court if the parties are diverse, the amount *136 in controversy requirement is met, and none “of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.”[3]
Ordinarily, diversity jurisdiction requires complete diversity—-if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist.[4] However, if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.[5]
Federal courts have jurisdiction to determine their own subject matter jurisdiction.[6] In this context, the court has the obligation to determine whether a plaintiff has improperly joined a party that defeats federal diversity jurisdiction.[7]
This Court articulated its standard for improper joinder in its recent en banc decision in Smallwood v. Illinois Central Railroad Co. In Smallwood, we explained that a non-diverse party -is improperly joined if the plaintiff is unable “to establish a cause of action against the non-diverse party in state court.”[8] Thus, the test for improper joinder “is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.”[9] “In this inquiry the motive or purpose of the join-der of in-state defendants is not relevant.” [10]
In most eases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should.“conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.”[11]
However, where the plaintiffs complaint has “misstated or omitted discrete facts that would determine the propriety of joinder,” the court may instead “pierce the pleadings and conduct a summary inquiry.” [12] Such a summary inquiry “is ap *137 propriate only to identify the presence of discrete and undisputed facts that would preclude [the] plaintiffs recovery against the in-state defendant.”[13] The decision to pierce the pleadings “lie[s] within the discretion of the trial court.”[14]
Crucially, “[j]urisdictional facts are determined at.the time of removal, not by subsequent events.”[15] Thus, to determine whether a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiffs possibility of recovery against that defendant at the time of removal. This inquiry must be made regardless of whether the court examines the plaintiffs chance of surviving a Rule 12(b)(6) challenge or, instead, conducts a summary inquiry by piercing the pleadings.
III.
Flagg filed a motion in the district court asking to stay the ease so he could exhaust .his claims against the Medical Defendants. By doing so, Flagg conceded that he failed to exhaust his medical malpractice claims before filing suit. This concession was the only fact outside the complaint that the district court considered to determine whether Flagg improperly joined the Medical Defendants. Considering this fact was entirely consistent with Smallwood’s authorization to conduct a “Rule 12(b)(6)-type analysis”[16] to “identify the presence of discrete and undisputed facts that would preclude [the] plaintiffs recovery against the in-state defendant.”[17]
For the reasons set forth below, the district court correctly concluded that Flagg could not “establish a cause of action against [the Medical Defendants] in state court” at the time the Manufacturing Defendants removed the case because he had not exhausted his claims before filing suit.[18] It follows that Flagg improperly joined the Medical Defendants,-and the district court properly exercised diversity jurisdiction over the Manufacturing Defendants.
A.
The Louisiana Medical Malpractice Act (“LMMA”) provides in relevant part that “[n]o action against a health care provider ... may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel.”[19] The Supreme Court of Louisiana has interpreted this provision to not only require the plaintiff to present the *138 claim to a medical review panel, but-also to wait until “the panel has rendered, its expert opinion on the merits of the complaint” before filing suit.[20] With exceptions inapplicable to the facts of this case,[21] “the plaintiffs suit must be dismissed”, without prejudice if the plaintiff fails to satisfy this exhaustion requirement before filing suit.[22]
On appeal, Flagg does not seriously dispute that the Medical Defendants qualify as “health care provider[s]” within the meaning of the LMMA. Although Flagg presented his malpractice claims against the Medical Defendants to a medical review panel before filing suit in state court, the medical panel had not’rendered its expert opinion before Flagg filed this suit. Nor had the medical panel rendered its opinion before the Manufacturing Defendants removed this case to federal court. Therefore, Flagg had not complied with the LMMA’s exhaustion requirement at the time of removal.
Consequently, if the Manufacturing Defendants had not removed this case' to federal court, there is no doubt, that the state court would have been required to dismiss the Medical Defendants from the case, It follows that, at the time of removal, Flagg was unable to “establish a cause of action against the [Medical Defendants] in state court.”[23] Thus, the district court properly discounted the citizenship of the Medical Defendants.
B.
Our conclusion is bolstered by our prior decisions in Melder v. Allstate Corp., 404 F.3d 328 (5th Cir.2005) and Holder v. Abbott Laboratories, Inc., 444 F.3d 383 (5th Cir.2006), in which two different panels of this Court held that a non-diverse defendant is improperly joined if the plaintiff fails to exhaust his claims before filing suit.
The plaintiffs in Melder claimed that the defendants unlawfully set discriminatory insurance rates.[24] Most of the defendants were insurance companies who were diverse from the plaintiffs. However, one of the defendants, the Louisiana Insurance Rating Commission (“LIRC”), was not diverse. Nevertheless, because the plaintiffs “ha[d] not exhausted the adequate administrative remedies provided by Louisiana law” with respect to their claims against LIRC, we concluded that there was “no reasonable basis Plaintiffs might be able to recover ... against the sole non-diverse defendant; LIRC.”[25] Thus, the plaintiffs had improperly joined LIRC, and the district court prbperly exercised diversity jurisdiction over the case.[26]
Likewise, the plaintiffs in Holder sued a combination of diverse and non-diverse defendants for injuries resulting from childhood vaccines.[27] “The Vaccine Act requires that claims ‘for a vaccine-related *139 injury or death’ must first be brought-in the United States Court of Federal Claims. Suit in state and federal courts is barred unless and until there has been compliance” with this exhaustion requirement.[28] Because the plaintiffs in Holder had failed to initially file their claims against the non-diverse defendants in the Court of Claims, “the Vaccine Act foreclose[d] the ... suit against the non-diverse defendants.”[29] We therefore held that the plaintiffs’ “joinder of the non-diverse defendants was improper and remand to state court was not warranted.”[30]
The logic of Melder and Holder applies equally here. Because Flagg did not complete the medical panel review process before filing suit, the LMMA explicitly prohibited him from suing the Medical Defendants in any court. Thus, Flagg had no possibility of recovery against the Medical Defendants, and the district court correctly dismissed the Medical Defendants as improperly joined.
Flagg argues — and the dissent agrees — that this case is distinguishable from Melder and Holder because the administrative procedure under the LMMA is not a “comprehensive” scheme designed to finally adjudicate a plaintiffs malpractice claim. We are not persuaded. Flagg has cited no authority to support this argument. Indeed, with the exception of the panel majority in this case, no court has ever adopted such a distinction, and for good reason; a rule that'requires courts to individually examine each state statutory scheme to determine whether it is “comprehensive” and “adjudicative” is neither administrable nor sensible.[31] Melder and Holder establish a bright-line rule: if a statute requires the plaintiff to exhaust his administrative remedies before filing suit, we enforce that statutory mandate as written.[32]
*140 C.
Flagg also argues that the exhaustion issue is now moot because a medical review panel issued an expert opinion regarding his claims on September 17, 2015, over a year after Flagg initially sued the Medical Defendants. This argument is meritless. As noted above, “[jurisdictional facts are determined at the time of removal,, not by subsequent events.”[33] Flagg had not completed the medical panel review process at the time the Manufacturing. Defendants removed the case. Thus, measuring the jurisdictional facts as they existed at the time of removal, Flagg’s unexhausted claims against the Medical Defendants were doomed to dismissal,- and Flagg therefore had no possibility of recovery against the Medical Defendants.
Furthermore, the Louisiana courts have squarely held that a plaintiff must exhaust the medical, panel review process before filing suit; even if the plaintiff obtains an expert opinion after filing suit, the suit nevertheless remains premature and the court must dismiss the suit without prejudice.[34] Thus, even though Flagg has now completed the medical review process, that does not cure his failure to exhaust before filing this suit. The state couid; still would have been required to dismiss Flagg’s claims against the Medical Defendants, so the Medical Defendants are improper defendants in this case.
IV.
In sum, the district court correctly concluded that Flagg improperly joined the Medical Defendants because Flagg did not exhaust his claims as required by statute against those parties. The district court therefore .properly dismissed the Medical Defendants from the case and exercised diversity jurisdiction over Flagg’s remaining claims against, the Manufacturing Defendants. We therefore affirm that portion of the district court’s order.
Because the panel majority ordered the district court to remand this case to state court, the panel did not address the district court’s ruling on the merits of the Manufacturing Defendants’ Rule 12(b)(6) motion. We therefore return the case back to the panel to review the district court’s order dismissing Flagg’s claims against those defendants.
AFFIRMED in part and RETURNED to the panel for further proceedings.

. 28 U.S.C. § 1332(a)(1).

. Id. § 1441(a)-(b).

. E.g., Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

. E.g., Wecker v. Nat’l Enameling & Stamping Co., 204 U.S. 176, 185-86, 27 S.Ct. 184, 51 L.Ed. 430 (1907); Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-73 (5th Cir.2004) (en banc), cert. denied, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

. E.g., In re Transtexas Gas Corp., 303 F.3d 571, 576-77 (5th Cir.2002) (citing Scherbatskoy v. Halliburton Co., 125 F.3d 288, 290 (5th Cir.1997)).

. E.g., Wecker, 204 U.S. at 185-86, 27 S.Ct. 184; Smallwood, 385 F.3d at 572-73.

. Smallwood, 385 F.3d at 573 (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir.2003)).
A federal court may also find improper join-der where the plaintiff has committed "actual fraud in the pleading of jurisdictional facts.” Id. (quoting Travis, 326 F.3d at 646-47). This case does not implicate that aspect of the improper joinder doctrine.

. Id.
The Smallwood standard is consistent with longstanding Supreme Court precedent. See Wecker, 204 U.S. at 183-86, 27 S.Ct. 184.

. Smallwood, 385 F.3d at 574.

. Id. at 573 (citing McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 334 (5th Cir.2004); Parks v. New York Times, Co., 308 F.2d 474, 478 (5th Cir.1962)).

. Id. (citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 389 n. 10 (5th Cir.2000)).
Conducting a summary inquiry is also consistent with longstanding Supreme Court *137 precedent. See Wecker, 204 U.S. at 183-86, 27 S.Ct. 184 (holding that the district court did not err by considering affidavit testimony when determining whether the plaintiff improperly joined a non-diverse defendant).

. Smallwood, 385 F.3d at 573-74 (citing Travis, 326 F.3d at 648-49).

. Id. at 573.

. Louisiana v. Am. Nat’l Prop. & Cas. Co., 746 F.3d 633, 635 (5th Cir.2014).

. Smallwood, 385 F.3d at 573.
Even when “deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.” Cinel v. Connick, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994). By filing his motion to stay, Flagg admitted in a public court record that he failed to exhaust his claims. Thus, this is not one of those "cases, hopefully few in number,” in which a district court must "conduct a summary inquiry” to determine that the plaintiff improperly joined the non-diverse defendant, Smallwood, 385 F.3d at 573. Rather, this is a mine-run improper joinder case that can be resolved by a "Rule 12(b)(6)-type analysis." Id.

. See Smallwood, 385 F.3d at 573-74 (citing Travis, 326 F.3d at 648-49).

. See id. at 573 (quoting Travis, 326 F.3d at 646-47).

. La.Rev.Stat. Ann. § 40:1231.8(B)(l)(a)(i).

. Delcambre v. Blood Sys., Inc., 893 So.2d 23, 27 (La.2005) (emphasis added).

. The dissent repeatedly emphasizes that “the parties can waive the medical review process in several ways.” That is irrelevant because the parties have not waived the medical review process in this case. Thus, Flagg was required to complete the medical review process before filing suit.

. E.g., Gele v. Binder, 904 So.2d 836, 837 (La.Ct.App.2005) (citing Bennett v. Krupkin, 814 So.2d 681, 685 (La.Ct.App.2002)).

. See Smallwood, 385 F.3d at 573 (quoting Travis, 326 F.3d at 646-47).

. 404 F.3d at 330.

. Id. at 332.

. Id.

. 444 F.3d at 385-86.

. Id. at 387-88 (citing 42 U.S.C. § 300aa-11).

. Id.

. Id. at 387.

. See Hertz Corp. v. Friend, 559 U.S. 77, 79, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) ("[A]dministrative simplicity is a major virtue in a jurisdictional statute.” (citing Sisson v. Ruby, 497 U.S. 358, 375, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990) (Scalia, J., concurring in the judgment))).

. Indeed, when a federal statute requires exhaustion, the federal courts consistently require plaintiffs to exhaust their claims before filing suit, and dismiss those claims that the plaintiff has not exhausted. See, e.g., Jones v. Bock, 549 U.S. 199, 212, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (holding that unexhausted claims under the Prison Litigation Reform Act “cannot be brought in court”); M.L. v. Indep. Sch. Dist., 451 Fed.Appx. 424, 428 (5th Cir.2011) ("Exhaustion is required so long as a plaintiff is seeking some remedy under the IDEA.”); Harris v. Trustmark Nat’l Bank, 287 Fed.Appx. 283, 288 (5th Cir.2008) (explaining that “[a]n ERISA plaintiff must exhaust his remedies before pursuing a claim in federal court”). Respect for state legislatures counsels in favor of enforcing state exhaustion statutes just as we enforce federal exhaustion statutes.
The dissent argues that the above-cited cases are irrelevant because, under these federal exhaustion schemes, failure to exhaust is ¿n affirmative merits defense, not a jurisdictional bar. The dissent suggests that district courts should not find improper joinder on the basis of an affirmative defense, even where, as here, the plaintiff concedes he failed to exhaust his claims before filing suit.
This Court, following Smallwood's direction, has consistently found improper joinder where a non-jurisdictional affirmative defense (such as statute of limitations) conclusively bars the plaintiff’s claims against the non-diverse defendant. See Boone v. Citigroup, Inc., 416 F.3d 382, 391 (5th Cir.2005) (holding.that the "joinder of the non-diverse appellees was improper” because plaintiff’s claims "against the non-diverse appellees [we]re conclusively barred by the residual statute of limitations”); Bell v. Texaco, Inc., 493 Fed.Appx. 587, 592 (5th Cir.2012) (holding that estate "was improperly joined’-’ be *140 cause "any potential claims against the [e]state [we]re time-barred under the Mississippi statute of limitations applying to trusts”).
Thus, it is irrelevant that LMMA's exhaustion requirement does not create a jurisdictional bar. -The critical fact is that, under state law, Flagg had no reasonable possibility of recovery on an unexhausted claim.

. Am. Nat'l Prop. & Cas. Co., 746 F.3d at 635.

. Brister v. S.W. La. Hosp. Ass’n, 624 So.2d 970, 971 (La.Ct.App.1993).