**CORRECTED August 24, 2016**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2016

Lyle W. Cayce
Clerk

No. 15-10358

ROBERT LEROY PASSMORE, III, Individually and as Next Friend of M. P. and A. P., minors; KELLY PASSMORE,

Plaintiffs - Appellants

v.

BAYLOR HEALTH CARE SYSTEM, doing business as Baylor Medical Center of Plano; BAYLOR REGIONAL MEDICAL CENTER OF PLANO; KIMBERLY MORGAN, APN,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

The Court having been polled at the request of one of its members, and a majority of the judges who are in regular active service and not disqualified not having voted in favor, rehearing en banc is DENIED. In the en banc poll, 7 judges voted in favor of rehearing (Judges Jolly, Jones, Smith, Clement, Owen, Higginson, and Costa), and 8 judges voted against rehearing (Chief Judge Stewart and Judges Davis, Dennis, Prado, Elrod, Southwick, Haynes,

and Graves). Upon the filing of this order, the Clerk shall issue the mandate forthwith. *See* FED. R. APP. P. 41(b).

JONES, Circuit Judge, joined by SMITH, CLEMENT, and OWEN, dissenting from Denial of Rehearing En Banc,

With all due respect to the panel, this court is bound by Texas law to apply the same restrictions on the maintenance of medical malpractice suits that the state legislature prescribes for such suits filed in state courts. The panel's decision to the contrary does not apply *Erie*-related concepts accurately and is in tension with our court's recent en banc decision in *Flagg v. Stryker Corp.*, which faithfully applied *Erie* rules to analogous Louisiana medical malpractice restrictions.[1] This court held in *Flagg* that a plaintiff in a medical malpractice case must, under Louisiana law, exhaust procedures under the Louisiana Medical Malpractice Act.[2]

The panel held in this case that a Texas statute, § 74.351 of the Texas Civil Practices and Remedies Code, requiring a claimant in a health care liability case to file an expert affidavit within a certain time after suit is filed, is procedural and does not apply in federal court proceedings.

Respectfully, the panel here was mistaken in concluding that the requirement of the initial expert report under Texas law is procedural. Various federal courts have subjected affidavit-of-merit statutes to *Erie* analysis and concluded that such requirements are substantive.[3] For example, in *Liggon-*

---

[1] 819 F.3d 132 (5th Cir. 2016).

[2] *Id.* at 137–40.

[3] In assessing whether a law is procedural or substantive under *Erie*, the Supreme Court has instructed courts to look to the twin aims of *Erie*: "discouragement of forum-shopping and avoidance of inequitable administration of the laws." *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). The Court has also suggested that courts might also consider *inter alia* whether a state rule is bound up with state-secured substantive rights and obligations. *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 535–38 (1958).

*Redding v. Estate of Sugarman*, the Third Circuit concluded that a state law requirement that a document similar to the § 74.351 expert report be filed within sixty days of filing a professional negligence claim was a substantive requirement, because (1) failure to file the report necessitated dismissal, making the rule outcome-determinative; (2) failing to apply the state rule would encourage forum-shopping in the case of plaintiffs who could not secure expert support; and (3) failing to apply the state rule would lead to the inequitable administration of the laws, because "a non-diverse plaintiff in state court would be required to comply with the rule, while a plaintiff in federal court could avoid the certificate of merit requirement simply because he or she is a citizen of a different state."[4]

Similarly, in *Trierweiler v. Croxton and Trench Holding Corp.*, the Tenth Circuit examined a state statute that required "plaintiffs' attorneys in professional negligence cases to certify, within sixty days of filing the complaint, that an expert has examined their clients' claims and found them to have substantial justification" and concluded that the statute was "bound up with the substantive right embodied in the state cause of action for professional negligence."[5]

The logic of these cases applies equally here: the Texas expert report requirement applies to a particular subset of tort claims and mandates

---

[4] 659 F.3d 258, 264 (3d Cir. 2011).

[5] 90 F.3d 1523, 1537–38, 1541 (10th Cir. 1996) (internal quotation marks omitted); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) ("By requiring dismissal for failure to adhere to the statute [requiring the filing of an affidavit of merit within sixty days], the New Jersey legislature clearly intended to influence substantive outcomes. It sought early dismissal of meritless lawsuits, not merely to apply a new procedural rule. Clearly, failure to apply the statute in a federal diversity action where no affidavit of merit has been filed would produce a different outcome than that mandated in a state proceeding.").

dismissal where a plaintiff is unable to adequately substantiate his or her claims. Although the rule concerns "procedure" insofar as it mandates that a particular type of document be served within a particular time period, "[t]he aspects . . . that are arguably procedural are plainly 'bound up' with 'state-created rights and obligations.'"[6]

The Supreme Court of Texas has stated that "a section 74.351 threshold expert report has a unique purpose separate and apart from the procedural rules relating to discovery and typical expert reports. The legislature created the threshold report requirement as a substantive hurdle for frivolous medical liability suits before litigation gets underway."[7]

At the very least, the plaintiffs' noncompliance with Texas law should be admissible and debatable in federal court.

Because this case concerns the intersection of state and federal law, and the opinion, as presently issued, cannot be reconciled with *Flagg* and creates a very real distinction between health care liability cases brought in federal court and those filed in state court, I respectfully dissent from the denial of rehearing en banc.

---

[6] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 337 (5th Cir. 2011) (quoting *Byrd*, 356 U.S. at 535).

[7] *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010); *but see Camacho v. Texas Workforce Comm'n,* 445 F.3d 407, 412 n.2 (5th Cir. 2006) ("[W]hen courts divide substance from procedure under *Erie*, they should not ordinarily rest on state court opinions characterizing statutes as 'procedural' or 'substantive' in cases unrelated to the *Erie* doctrine.").