# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2021

Lyle W. Cayce
Clerk

No. 20-50392
Summary Calendar

Susan Sissom,

*Plaintiff—Appellant*,

*versus*

Countrywide Home Loans, Incorporated, *doing business as* America's Wholesale Lender, Incorporated; The Bank of New York Mellon, *formerly known as* The Bank of New York; Malcolm Cisneros, a Law Corporation; MTC Financial, Incorporated, *doing business as* Trustee Corporations,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-949

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

This appeal concerns Susan Sissom's renewed attempt to prevent foreclosure of her Texas home. She appeals the district court's denial of her motion to remand to state court and its dismissal of her case. We affirm.

## I

In 2006, Sissom obtained a mortgage from Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender ("Countrywide"), which was subsequently assigned to the Bank of New York Mellon ("BNYM") (we refer to BNYM and Countrywide together as the "Bank Defendants"). In 2017, Sissom defaulted and was informed her home would be sold in foreclosure. Seeking to block the sale, Sissom brought suit in Texas state court against the same defendants as here. Her case was removed to federal court. *See Sissom v. Countrywide Home Loans, Inc.*, No. 1:17-CV-449, 2017 WL 8182807 (W.D. Tex. Aug. 17, 2017). After Sissom unsuccessfully challenged the district court's jurisdiction, the court dismissed her suit for failure to state a claim. She appealed, challenging "only the district court's exercise of jurisdiction," and we affirmed. *Sissom v. Countrywide Home Loans, Inc.*, 772 F. App'x 75, 76 (5th Cir. 2019).

Sissom then filed the instant suit in Texas state court. The Bank Defendants again removed to federal court and Sissom moved to remand, pointing to a non-diverse defendant, G. Tommy Bastian, a Texas attorney listed as trustee on the original deed of trust. The Bank Defendants opposed remand, contending Bastian was improperly joined. They also moved to dismiss. Adopting the magistrate judge's recommendation, the district court ruled Bastian was not a proper party and so denied the motion to remand. The court then granted the motion to dismiss. Sissom appeals.[1] We review

---

[1] The other named defendants, Malcolm Cisneros and MTC Financial, Inc., d/b/a Trustee Corporations, are successor, substitute trustees named by the mortgage servicer acting on behalf of BNYM. They successfully moved, independent of the Bank Defendants,

both rulings *de novo. See Wampler v. Sw. Bell Tel. Co.*, 597 F.3d 741, 744 (5th Cir. 2010); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

## II

We begin with the motion to remand because it concerns jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-97 (1998). Sissom correctly notes that the presence of "one [opposing] party from the same state [as the plaintiff] is enough to defeat diversity jurisdiction." *See, e.g., Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (28 U.S.C. § 1332 mandates "complete diversity between all plaintiffs and all defendants"). The non-diverse defendant, however, must have been "properly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Otherwise, "the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant[s]." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The district court correctly applied that principle here. The court reasoned that Sissom had not alleged "any cause of action against Bastian" or even that "Bastian [had] committed any act of wrongdoing." This establishes that Bastian was not "properly joined" for purposes of diversity jurisdiction. *See Smallwood*, 385 F.3d at 573 (improper joinder is shown by the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court") (quotation marks omitted); *see also Flagg*, 819 F.3d at 136 ("Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is

---

to dismiss Sissom's suit, invoking a provision of the Texas Property Code, and have defended dismissal on that basis in briefing before this Court. We need not address their arguments, however, because Sissom has not challenged the propriety of their dismissal.

No. 20-50392

no improper joinder."). As the court observed, "district courts . . . routinely disregard the citizenship of trustees in foreclosure cases when the underlying complaint alleges no wrongdoing by the trustees."[2] The district court therefore correctly denied Sissom's motion to remand.

We turn to the merits. As relevant here, the district court ruled Sissom's suit was barred by *res judicata*. The court reasoned that Sissom "appear[ed] to be rehashing her previous allegations," which the court had rejected as legally insufficient in Sissom's prior case. *See Sissom v. Countrywide Home Loans, Inc.*, No. 1:17-CV-449, (W.D. Tex. Mar. 26, 2018) (Order, ECF. No. 21) ("Even under the liberal reading afforded to *pro se* plaintiffs, the Court is unable to infer a cause of action from the facts alleged in the proposed amended complaint."). The district court was correct. Sissom seeks to relitigate the same claims, against the same parties, involving the same factions, after receiving a final judgment on the merits of those claims (which she failed to appeal). *See Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992) ("Res judicata . . . prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that . . . should have been litigated in the prior suit.").[3] Sissom offers no reason why *res judicata* does not bar her claims here.

---

[2] *See*, *e.g.*, *Guerra v. Wells Fargo Bank*, No. SA-15-CV-763, 2015 WL 9451083, at *3 (W.D. Tex. Dec. 21, 2015); *Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-154, 2014 WL 1342869, at *2 & n.4 (W.D. Tex. Apr. 3, 2014); *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384, 2011 WL 2636135, at *2 (W.D. Tex. July 5, 2011).

[3] As a matter of federal common law, the preclusive effect of a prior decision issued by a federal court sitting in diversity is governed by *res judicata* principles borrowed from the substantive law of the State in which the reviewing federal court sits. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see also Am. Home Assururance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 272 n.20 (5th Cir. 2005).

No. 20-50392

Accordingly, the district court's judgment is AFFIRMED.