# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2022

Lyle W. Cayce
Clerk

No. 21-30136

David W. Acosta; Misty C. Acosta; Fabian Brimmer; Geroy Brimmer; Gary T. Brock; Gwendolyn Brock; Jennifer Brock; Jessica Campbell; Monica Campbell; Brenda B. Champange; Michael Connerly; Catina Dennis; Kevin Esler; Kim M. Esler; Meisha A. Fisher; James Harvey; Cabrina Jefferson; Evelina Jefferson; Robert Lusco; Wendell Octave, Sr.; Emile L. Perilloux, Jr.; Shelia M. Stewart; Darren Vitrano,

*Plaintiffs—Appellants*,

*versus*

Denka Performance Elastomer, L.L.C.; E. I. DuPont de Nemours Company; Dupont Performance Elastomers, L.L.C., *formerly known as* DuPont Dow Elastomers, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-2323

Before Southwick, Haynes, and Higginson, *Circuit Judges*.

No. 21-30136

PER CURIAM:*

In this environmental tort case, Plaintiffs, twenty-three residents of St. John the Baptist Parish, Louisiana, allege that neoprene production from the Pontchartrain Works Facility (the "Facility") exposed them to unsafe levels of chloroprene, causing adverse health conditions and an elevated risk of cancer. Following removal, the district court denied Plaintiffs' motion to remand to state court and dismissed Plaintiffs' claims. Plaintiffs appeal each ruling.

This case arises out of similar factual allegations and involves the same defendants as a related case that we recently decided, *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427 (5th Cir. 2021). Due to the substantial similarity of the cases, and for the reasons set forth below, we VACATE in part and REMAND to the district court to determine, in the first instance, the effect of *Butler* on the present case.

## I.   Background

### A. Plaintiffs' Petition

In 2020, Plaintiffs filed suit in Louisiana state court against: (1) Denka Performance Elastomer LLC ("Denka"); (2) E.I. du Pont de Nemours and Company and DuPont Performance Elastomers LLC ("DuPont"); (3) the Louisiana Department of Health ("DOH"); and (4) the Louisiana Department of Environmental Quality ("DEQ"). DuPont owned and operated the Facility from 1969 until 2015, when it sold the plant to the current owner, Denka. Plaintiffs allege that, under Denka and DuPont's ownership, the Facility emitted unsafe levels of carcinogenic and toxic emissions of chloroprene into the air and soil where they live. They maintain

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

that Denka and DuPont knew or should have known about the harmful exposure yet continued to allow the emission of chloroprene into the community. As to DOH and DEQ, Plaintiffs contend that the agencies permitted Denka and DuPont to engage in tortious conduct, and that DEQ failed to warn local residents of the dangerousness of chloroprene exposure.

Plaintiffs' petition pleads the following causes of action against all defendants: (1) negligence in violation of Louisiana Civil Code Articles 2315 and 2316; (2) civil conspiracy; and (3) res ipsa loquitor. As to Denka and DuPont, the petition also pleads causes of action for (1) custodial liability in violation of Louisiana Civil Code Articles 2317 and 2317.1; (2) products liability; (3) civil battery; (4) nuisance; and (5) trespass. As to DuPont, the petition additionally pleads strict liability. Finally, Plaintiffs seek an injunction "barring Denka from causing or allowing unreasonably dangerous emissions" from the Facility and a declaratory judgment that "DEQ and DOH have violated the constitutional rights of the Plaintiffs."

### B. Motion to Remand and Motions to Dismiss

Invoking subject matter jurisdiction under 28 U.S.C. § 1332, Denka and DuPont timely removed the case to federal court where it was assigned to the Honorable Martin L.C. Feldman. Denka and DuPont asserted that jurisdiction was proper under § 1332 because: (1) the amount in controversy exceeded $75,000; (2) Plaintiffs were diverse from Denka and DuPont; and (3) the state agencies' citizenship (or lack thereof) did not factor into the diversity analysis because the agencies were improperly joined. Plaintiffs moved to remand, arguing that DEQ and DOH were properly joined and their presence destroyed complete diversity. The district court denied the remand motion.

Denka and DuPont subsequently moved to dismiss. In February 2021, the district court granted their motions, concluding that Plaintiffs' claims

against DuPont were barred by prescription and that the allegations failed to state a claim against Denka. Though DuPont advanced alternative arguments for dismissal, the district court did not reach them. Plaintiffs timely appealed.

### C. *Butler v. Denka Performance Elastomer, L.L.C.*

This is not the first case before our court involving tort claims arising out of neoprene production at the Facility—rather, the same counsel representing Plaintiffs in the present action also represents the plaintiff in *Butler*, a case we recently heard on appeal. 16 F.4th at 427. In *Butler*, another resident of St. John the Baptist Parish sued the same parties—Denka, DuPont, DOH, and DEQ—for similar claims. *See id.* at 432–34, 441–46. Judge Feldman, also presiding over that action, dismissed the plaintiff's petition, concluding that the claims against DOH and DuPont were prescribed and that the petition failed to state a claim against Denka. *Butler v. Denka Performance Elastomer, LLC*, No. 18-6685, 2020 WL 2747276, at *1 (E.D. La. May 27, 2020); *Butler v. Denka Performance Elastomer, LLC*, No. 18-6685, 2019 WL 1160814, at *1, 6, 7 (E.D. La. Mar. 13, 2019) (collectively referred to as *Butler D. Ct.*). The plaintiff appealed, and in October 2021, our court affirmed in part and reversed in part. *Butler*, 16 F.4th at 432, 446.

Our *Butler* opinion reached two important holdings relevant here. First, we determined that the district court erred in "holding that [the plaintiff's] claims were prescribed" because fact issues existed as to whether the plaintiff "had constructive knowledge sufficient to trigger the running of prescription." *Id.* at 441.

Second, we concluded that the plaintiff "fail[ed] to state a plausible duty and corresponding breach"; therefore, the district court did not err in dismissing the plaintiff's claims for custodial liability, negligence, and strict liability. *Id.* at 442–44. The plaintiff relied on "generalized pronouncements

that [the defendants] ha[d] violated [their] duty to take 'reasonable care,'" but failed to direct us to any authority in which such "generalized references to 'excessive emissions,' 'acceptable risk threshold,' and 'unreasonably dangerous emissions,' constitute[d] a sufficient legal duty to support a negligence or custodial liability claim." *Id.* at 445.

Shortly after we issued the opinion in *Butler*, DuPont, recognizing its potential effect on this case, returned to the district court and filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). In response to the motion for reconsideration, Judge Feldman issued an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1, stating that the court would amend its dismissal order in light of *Butler* if granted jurisdiction on remand. DuPont has asked us to remand to the district court for entry of the judgment pursuant to the indicative ruling.

## II.    Jurisdiction & Standard of Review

We review the denial of Plaintiffs' motion to remand to the state court de novo. *Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014). The district court's grant of a motion to dismiss for failure to state a claim is similarly reviewed de novo, "applying the same standard applied by the district court." *Masel v. Villarreal*, 924 F.3d 734, 742–43 (5th Cir. 2019).

## III.    Discussion

Plaintiffs argue that the district court erred in (1) denying their motion to remand and (2) dismissing their claims against Denka and DuPont. In deciding each of these motions, the district court heavily relied on and incorporated by reference its reasoning in *Butler D. Ct.*

First, the opinion denying remand relied on *Butler D. Ct.* Invoking 28 U.S.C. § 1332, Denka and DuPont removed this action to federal court based on diversity jurisdiction. Under this section, a district court has "original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is diversity of citizenship. 28 U.S.C. § 1332. Of course, complete diversity is required—all plaintiffs must be diverse from all defendants. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc).

Plaintiffs contended that remand was warranted because the presence of the two state agency defendants, DOH and DEQ, destroyed complete diversity. The district court disagreed, instead concluding that DOH and DEQ were improperly joined, and therefore the state agencies' citizenship could be disregarded in the diversity jurisdiction analysis.[1] We agree and conclude that no further analysis of this issue is warranted.

Second, the district court similarly relied on its *Butler D. Ct.* reasoning in deciding Denka and DuPont's motions to dismiss. Denka argued that dismissal was warranted because Plaintiffs' petition failed to state a claim for relief. DuPont argued the same, and that Plaintiffs' claims were prescribed. The district court concluded that Plaintiffs' complaint was nearly identical to the complaint dismissed in *Butler D. Ct.*, and it therefore dismissed Plaintiffs' claims for largely the same reasons. In doing so, the district court emphasized that the same timing and pleading deficiencies that compelled dismissal in *Butler D. Ct.* necessitated the same outcome in this case.

---

[1] Under the doctrine of improper joinder, the citizenship of a non-diverse defendant is ignored if the "moving party establishes that . . . the plaintiff *has not* stated a claim against" that defendant. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). The court's inquiry is virtually identical to the 12(b)(6) motion to dismiss standard: evaluating whether or not "the complaint states a claim under state law against the in-state defendant." *See Flagg*, 819 F.3d at 136.

However, because we reversed in part the district court's holding in *Butler*, 16 F.4th at 446, the district court's overt reliance and incorporation of *Butler D. Ct.*'s analysis and holding is problematic.

In light of the district court's reliance on *Butler D. Ct.* (rather than our subsequent *Butler* decision), we must now decide how to proceed in this case. We recognize that the plaintiff's petition in *Butler D. Ct.* has similarities to Plaintiffs' petition here, but it is not identical. Because the petitions are comparable (but not identical), *Butler* could affect the district court's analysis of Plaintiffs' claims here. Indeed, Judge Feldman recognized as much in his indicative ruling on DuPont's motion to amend.[2]

We note that Plaintiffs failed to appeal the dismissal of several of the claims that the district court determined were inadequately pleaded—including products liability, trespass, battery, res ipsa loquitor, conspiracy, and nuisance. Plaintiffs did not address these claims in their opposition to Denka and Dupont's motions to dismiss, their appellate briefing, or at oral argument. We accordingly deem these claims abandoned. *See* FED. R. APP. P. 28(a)(8); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir. 2004) ("Issues not raised or inadequately briefed on appeal are waived."). Thus, we conclude that the appropriate course of action is to

---

[2] The late Judge Feldman seemed inclined to agree that *Butler* would have *some* effect on the proceedings here. After *Butler* issued, DuPont returned to the district court and filed a Rule 60(b) motion to amend the judgment in light of *Butler*. The district court issued an indicative ruling stating that the court would amend its dismissal order post-*Butler* if provided jurisdiction via remand. DuPont then filed a motion to remand to the district court pursuant to Federal Rule of Appellate Procedure 12.1(b).

Tragically, in the interim, Judge Feldman passed away. The case has since been transferred to another judge. The parties do not argue that the new judge would be bound by the indicative ruling, although he is free to consider it. Accordingly, we deny DuPont's motion to remand to the district court as moot while recognizing that the district court is free to consider Judge Feldman's analysis.

No. 21-30136

remand the remaining claims[3] to the district court to determine, in the first instance, what effect *Butler* has on the present case on the issue of whether Plaintiffs state a claim for relief in light of that decision.

## IV.   Conclusion

For the aforementioned reasons, we AFFIRM in part, VACATE in part, and REMAND to the district court as set forth above.

---

[3] I.e., Plaintiffs' claims for: negligence in violation of Louisiana Civil Code Articles 2315 and 2316; custodial liability in violation of Louisiana Civil Code Articles 2317 and 2317.1; and injunctive relief.