REVISED 10/20/2023

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2023

Lyle W. Cayce
Clerk

No. 23-30112

---

In re In the Matter of the Complaint of N&W Marine Towing, L.L.C., as Owner of M/V Nicholas, its engines, tackle, appurtenances, furniture, etc., for Exoneration from or Limitation of Liability

Trey Wooley,

> *Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C., *as Owner of M/V NICHOLAS, its engines, tackle, appurtenances, furniture, etc., praying for exoneration from or limitation or liability*,

> *Petitioner—Appellant—Cross Appellee*,

*versus*

Royal Caribbean Cruises, Limited,

> *Defendant*,

---

Trey Wooley,

*Plaintiff—Appellee—Cross Appellant*,

*versus*

N&W Marine Towing, L.L.C.; Nicholas M/V; Ascot National Specialty Insurance Company; Starr Indemnity & Liability Company,

*Defendants—Appellants—Cross Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:20-CV-2390, 2:21-CV-150

---

Before Stewart, Dennis, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

Pursuant to the saving to suitors clause, 28 U.S.C. § 1333(1), admiralty claims filed in state court are not removable absent some independent jurisdictional basis. Moreover, nondiverse defendants improperly joined to a removed case must be dismissed unless there also exists an independent basis for jurisdiction. The main issue before us is whether the district court erred in dismissing an improperly joined, nondiverse defendant when the only independent jurisdictional basis for removal was admiralty jurisdiction. The answer is no, and we thus affirm.

**I.**

We detailed much of this case's voyage in the court's prior opinion, *In re N&W Marine Towing, LLC*, 31 F.4th 968 (5th Cir. 2022) (*Wooley I*). We repeat relevant facts and procedural history as necessary.

2

No. 23-30112

On August 31, 2020, N&W Marine Towing (N&W) filed in federal district court a verified complaint in limitation, Case No. 2:20-cv-2390 (the Limitation Action), pursuant to the Limitation of Liability Act of 1851 (Limitation Act) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.[1]

The Limitation Act provides that once a shipowner brings a limitation action "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c).[2] The court where such an action is filed "stays all related claims against the shipowner pending in any forum," and all claimants must "timely assert their claims in the limitation court." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992); *see* FED. R. CIV. P. SUPP. R. F(3).

The complaint filed in N&W's Limitation Action alleged that on February 29, 2020, the M/V *Nicholas*, which is owned by N&W, was towing six barges up the Mississippi River when the wake of a cruise ship, the *Majesty of the Seas*, caused one of the *Nicholas*'s face wires to break. While the *Nicholas* headed towards the riverbank, another face wire broke. The M/V *Assault* and its crew came to aid the *Nicholas* in mending the face wires, at which time a deckhand on the *Assault*, Trey Wooley, injured his hand.[3]

---

[1] The Limitation Act allows shipowners to "bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30511(a). The law permits shipowners to limit their liability to "the value of the vessel and pending freight" for a variety of "claim[s], debt[s], and liability[ies]" that might arise from vessels' activities so long as the incident giving rise to liability occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)–(b); *see Wooley I*, 31 F.4th at 970–71 (collecting cases).

[2] Effective December 23, 2022, 46 U.S.C. § 30505 was renumbered as 46 U.S.C. § 30523, and 46 U.S.C. § 30511 was renumbered as 46 U.S.C. § 30529. For consistency, we use the prior statutory section numbers; the relevant statutory text did not change.

[3] We express no opinion as to what or who caused Wooley's injury.

No. 23-30112

In September 2020, the district court issued the following Stay Order in accordance with the Limitation Act and Rule F:

> The commencement or further prosecution of any action or proceeding against the Petitioner, their sureties, their underwriters and insurers, or any of their property with respect to any claims for which Petitioner seek[s] limitation of liability herein, including any claim arising out of or incident to or connected with personal injury, loss or damage allegedly caused, arising out of, or resulting from incidents which occurred on the Mississippi River at approximately mile marker 86-87 on February 29, 2020, as described in the [Limitation Action] Complaint, be and the same is hereby stayed and restrained until the hearing and determination of this proceeding.

Wooley, Turn Services (Wooley's employer), and Royal Caribbean Cruises (RCC) (the owner of the *Majesty of the Seas*) all filed claims against N&W in the Limitation Action. N&W filed counterclaims against Turn Services and RCC.

On January 8, 2021, the Stay Order in effect, Wooley filed a Petition for Damages in Orleans Parish, Louisiana, Case No. 2:21-cv-150 (the State Court Petition). Wooley named N&W, the *Nicholas*, RCC, the *Majesty of the Seas*, and several insurance companies as defendants. Wooley asserted that the state court had jurisdiction pursuant to the saving to suitors clause, 28 U.S.C. § 1333, and made the following allegations: (1) Turn Services was the Jones Act employer of Wooley while Wooley worked on the *Assault*; (2) N&W, the *Nicholas*, and RCC negligently caused the accident injuring Wooley; and (3) N&W and RCC are liable to Wooley under "general maritime law and/or maintaining unseaworthy vessels."

RCC removed the State Court Petition to federal district court, asserting diversity jurisdiction and, in the alternative, "admiralty tort

jurisdiction" pursuant to 28 U.S.C. § 1333(1). The district court consolidated the now-removed State Court Petition with the Limitation Action. Wooley moved to bifurcate, which the district court denied. Wooley also moved to remand.

On August 8, 2021, before the district court had ruled on his motion to remand, Wooley moved to stay the Limitation Action and lift the injunction against proceeding in state court. Wooley stipulated that he would not seek to enforce any judgment in excess of the value determined in the Limitation Action in accordance with 46 U.S.C. § 30511 and Rule F. Wooley further stipulated that the federal district court "ha[d] exclusive jurisdiction and authority to determine all issues relevant to [N&W's] claim for limitation of liability."

On August 27, 2021, the district court determined that these stipulations "adequately protect[ed] N&W's absolute right to limit its liability in the federal forum," and it granted Wooley's motion to stay the Limitation Action, allowing him to proceed with the prosecution of his State Court Petition. N&W filed an interlocutory appeal, and we affirmed, noting that "our precedents require district courts hearing limitation actions to lift a stay against proceedings in other forums when a claimant makes the appropriate stipulations." *Wooley I*, 31 F.4th at 974. Because we agreed Wooley's stipulations passed muster, we concluded that the district court did not abuse its discretion.

On February 15, 2023, nearly two years after Wooley filed his motion to remand, the district court denied it. The court found that "Wooley blatantly violated [its] Stay Order" by naming N&W in the State Court Petition, and therefore N&W was "improperly joined." As a result, the

No. 23-30112

district court dismissed N&W from the case.[4]  Even though Wooley and N&W were each a citizen of Louisiana, and thus nondiverse, the court determined that the "state court suit ha[d] no legal effect as to N&W," and "removal was proper because there was complete diversity between Wooley and the properly joined State Court defendants."

After dismissing N&W from the case, no claims remained in the State Court Petition because Wooley had settled his claims against the other defendants.  Therefore, the district court severed Wooley's State Court Petition from the Limitation Action and dismissed it.  The district court retained jurisdiction over the Limitation Action but stayed and administratively closed it to allow Wooley to pursue any claims available to him against N&W in Louisiana state court pursuant to the saving to suitors clause.

N&W and Wooley cross-appeal.  Seeking to remain in federal court, N&W raises several issues, namely whether:  (1) a case is removable if it contains "general maritime law claims" filed in violation of the district court's stay order; (2) the district court abused its discretion in denying Wooley's motion to remand; (3) the district court erred in dismissing N&W and the State Court Petition after lifting the Stay Order; and (4) admiralty jurisdiction provides an independent basis for removal after the 2011 amendments to 28 U.S.C. § 1441.[5]

---

[4] Even though RCC initially removed the case based on diversity or, alternatively, admiralty jurisdiction, the district court appeared to make no finding as to admiralty tort jurisdiction.

[5] N&W frequently uses some form of the phrase "abuse of discretion" in framing the issues.  This is not always correct; for instance, as N&W notes in its "Standard of Review" section, we review a denial of a motion to remand *de novo*, not an abuse of discretion.

No. 23-30112

On cross-appeal, Wooley contends that the outcome of the case was correct, but if this court were to determine that N&W was properly joined, then Wooley contends the district court erred in denying his motion to remand.

## II.

We review a district court's finding of improper joinder *de novo*. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (collecting cases).[6] We likewise review a district court's denial of a motion to remand for lack of jurisdiction *de novo*. *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 182 (5th Cir. 2018). We review whether the district court should have exercised jurisdiction over claims against N&W *de novo*. *Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023).

## A.

The district court found that Wooley improperly joined N&W in the State Court Petition in violation of the Stay Order and denied Wooley's motion to remand as a result. The court did not err in doing so.

From the outset, N&W agrees that it was improperly joined in the State Court Petition, that its "citizenship should be ignored for purposes of determining diversity of citizenship," and that RCC was a properly joined Defendant. In fact, N&W agrees that at the time of removal "there was no possibility of recovery by Mr. Wooley from N&W due to the District Court's Limitation Stay Order pursuant to Rule F."[7] Because N&W does not contest

---

[6] Once a court determines that a nondiverse defendant is improperly joined, that party must be dismissed from the case. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). Thus, we review whether dismissal of N&W was proper in concert with our *de novo* review of improper joinder.

[7] N&W somewhat backtracks on this argument, later stating that "naming defendants directly contrary to the federal court's Limitation Stay [] does not pretermit the

the district court's finding that it was improperly joined, we need not relitigate the issue.[8]

Once a court determines that a nondiverse defendant was improperly joined, the improperly joined defendant's citizenship may not be considered for purposes of diversity jurisdiction, and that defendant must be dismissed without prejudice. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016). After determining that N&W had been improperly joined, the district court correctly considered only the citizenship of the properly joined State Court Petition defendants. As they were diverse from Wooley, removal based on diversity jurisdiction was permitted. Therefore, we affirm the district court's denial of Wooley's motion to remand.

_____

possibility of recovery, possible recovery is only delayed." This latter position is untenable because, as N&W itself emphasizes, "the district court must examine the plaintiff's possibility of recovery against the defendant *at the time of removal*." At the time of removal, the Stay Order was in effect, and under a Federal Rule of Civil Procedure 12(b)(6) analysis, the state court claims against N&W therefore failed. Thus, N&W was improperly joined, and its dismissal was proper.

[8] Our agreement with the district court that N&W was improperly joined is based on a Rule 12(b)(6) analysis. *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1046 (5th Cir. 2021) (To determine whether a defendant was improperly joined, a court may conduct a "[Rule] 12(b)(6)-type analysis, 'looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc))). The district court analogized this case to bankruptcy cases to support its conclusion that N&W was improperly joined in contravention of the Stay Order. To the extent that the district court reached beyond our precedent, the reach was unwarranted: Applying Rule 12(b)(6), Wooley could not state a claim in state court against N&W by operation of the Stay Order, leaving the state court no choice but to dismiss Wooley's claims against N&W. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209 (If "a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

No. 23-30112

## B.

Notwithstanding N&W's agreement that it was improperly joined, and that removal was therefore proper, N&W casts several arguments as to why the district court erred in dismissing it from the case, dismissing the case without prejudice, and denying N&W passage to federal court. We find none availing but address each in turn.

## 1.

First, N&W contends that Wooley's State Court Petition, once removed, should remain in federal court because Wooley did not "anchor his case in state court by requesting a jury or asserting a Jones Act claim against his employer, Turn Services." N&W cites *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013) to support this contention. In *Barker*, this court noted that the "'saving to suitors' clause under general maritime law 'does not guarantee [plaintiffs] a nonfederal forum, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." 713 F.3d at 220 (alterations in original) (quoting *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996)).

Wooley's failure to assert a Jones Act claim, thus not "anchor[ing] his case in state court," does not change that there must be an independent basis, other than admiralty, to remove the case to federal court.[9] Though it is true

---

[9] N&W also tries to draw an analogy to *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1314 (11th Cir. 2020), to argue that Wooley attempted to "create a loophole and avoid federal admiralty jurisdiction over his identical claims by filing them in state court." This analogy is inapposite; in *DeRoy*, even though the plaintiff could have filed her claim in state court, she instead filed in federal court, which makes that case wholly different from this one. *DeRoy*, 963 F.3d at 1314. Importantly, "the saving-to-suitors clause [was] not even arguably relevant to the analysis, since [the plaintiff] filed in federal court." *Id.*

that the saving to suitors clause does not guarantee a non-federal forum, a defendant retains a "heavy burden" to show that removal is proper. *Ticer*, 20 F.4th at 1045. Thus, N&W must still show an independent basis for federal jurisdiction other than admiralty which, for the reasons explained below, it fails to do.

**2.**

N&W contends that once the district court determined removal was proper as to RCC under diversity jurisdiction, the court should have exercised jurisdiction over the claims against N&W as well. This argument is foreclosed by our holding in *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016) (en banc).

In *Flagg*, a patient alleged that his toe surgery was unsuccessful and filed a complaint in Louisiana state court against his doctor and the medical center (the Medical Defendants), as well as the manufacturers of the toe implant (the Manufacturing Defendants). 819 F.3d at 134–35. The Manufacturing Defendants removed the case to federal court based on diversity jurisdiction. *Id.* at 135. They asserted they were completely diverse from the patient and that the Medical Defendants, who were not diverse, were improperly joined because the patient failed to exhaust his administrative malpractice claims prior to filing the state court petition, as required by Louisiana state law. *Id.*

We agreed, holding that the patient's failure to exhaust his claims administratively against the Medical Defendants meant those claims would fail under a Rule 12(b)(6)-type analysis. *Id.* at 138. Thus the Medical Defendants were improperly joined, and the "state court would have been required to dismiss the Medical Defendants from the case." *Id.* This left only the Manufacturing Defendants and, because they were diverse from the patient, the case was properly removed. *Id.*

No. 23-30112

Like in *Flagg*, the Louisiana state court here would have had no choice but to dismiss Wooley's claims against N&W because of the district court's Stay Order. And the district court could have retained jurisdiction over claims against RCC had RCC remained in the case. But the federal court could not retain jurisdiction over claims against a nondiverse defendant (N&W) without some other basis for federal jurisdiction over those claims.[10] N&W cites various cases for the proposition that "[o]nce the court establishes jurisdiction exists, it has a duty to exercise that jurisdiction." Importantly, though, the district court never exercised jurisdiction over the claims against N&W because our precedent required the district court to dismiss N&W upon the improper joinder determination.

**3.**

N&W makes several arguments that Wooley's claims had an independent basis for federal jurisdiction aside from diversity jurisdiction. None provide safe harbor. First, N&W argues, somewhat convolutedly, that once the district court determined removal was proper, Wooley's "general maritime claim against N&W" could act as a jurisdictional hook. Essentially, N&W's contention seems to be that so long as the district court had diversity

---

[10] In reply, N&W argues that complete diversity existed when Wooley filed in state court and when RCC removed because N&W was improperly joined, such that the district court was allowed to exercise jurisdiction over N&W's claims. N&W cites to *Richey v. Walmart Stores, Inc.*, 390 Fed. App'x. 375 (5th Cir. 2010), where this court affirmed a district court's denial of remand. *Richey* is easily distinguishable. There, Richey sued Walmart in state court and Walmart removed. At the time of removal, there was complete diversity. After, Richey attempted to file an amended complaint naming Walmart Stores Texas LLC as a co-defendant, and Richey moved to remand, arguing that she and Walmart Stores Texas LLC were nondiverse. We emphasized that courts must examine "whether diversity 'existed at the time of removal.'" *Id.* at 378 (quoting *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). And "subsequently added defendants cannot divest the district court of the original jurisdiction it had at the time of removal." *Id.* at 378 n.2. Here, N&W was improperly joined in the State Court Petition from the outset.

jurisdiction over *some* party, then the district court could extend that jurisdiction to *any* party, even one nondiverse from Wooley. This is wrong.

N&W tries to analogize to *Williams v. M/V Sonora*, 985 F.2d 808, 812 (5th Cir. 1993). In *Williams*, a case was removed from Texas state court pursuant to the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1441(d), because a defendant, Pemex, qualified as a "foreign sovereign." 985 F.2d at 810. Eventually, Pemex was dismissed. Plaintiffs argued that the case should have been remanded to state court because the only other basis for federal jurisdiction was admiralty law, and pursuant to the saving to suitors clause, "admiralty claims . . . are non-removable." *Id.* at 812. The district court declined to remand, and we affirmed, noting that though the case would not have been removable in the first instance without FSIA jurisdiction, at the time of removal Pemex was a proper party. *Id.* Moreover, extensive discovery had taken place, and the case was "ripe for decision" by the federal judge. We concluded that the district court did not err in declining to remand the case after the foreign sovereign was dismissed. *Id.* Here, by contrast, the only possible basis for asserting jurisdiction over N&W's claims other than admiralty jurisdiction was diversity jurisdiction, which, as discussed, was not possible because N&W was nondiverse.

N&W also argues that the 2011 Amendments to 28 U.S.C. § 1441 "made a substantive change in removal jurisdiction over maritime cases" and, specifically, that changes to § 1441(b) "may provide an alternative basis for removal and retention of th[is] case in federal court." N&W contends that because Wooley named the *Nicholas* in the State Court Petition and because federal courts have exclusive jurisdiction over *in rem* admiralty actions, the entire case should have remained in federal court. There is no support for N&W's position.

No. 23-30112

In *Barker*, this court noted that the 2011 revisions clarified that the "citizenship requirement in § 1441(b) only applies when a case is removed on the basis of diversity jurisdiction." 713 F.3d at 223. We went further: "[A]lthough cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 may require complete diversity prior to removal," the same is not true for claims that are removable under federal question jurisdiction, e.g., claims brought under the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1332(1), 1331(a)(1). *Id.* (citing *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)). Here, there was no basis for removal other than diversity jurisdiction and, as discussed, there was no diversity jurisdiction over the claims against N&W.

**4.**

Finally, N&W argues that the district court abused its discretion by dismissing the case because dismissal is countenanced by neither Rule F nor the "analogous Fifth Circuit Bankruptcy decisions."

Rule F(3) reads:

> Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

FED. R. CIV. P. SUPP. R. F(3). N&W argues that under this language a district court may not dismiss a state court lawsuit once it is properly removed, *and* a stay order is no longer in effect. N&W contends that Rule F, then, permits a court only to pause other proceedings and enjoin further prosecution.

No. 23-30112

Though this may be true, something we need not decide, this misapprehends the rationale supporting dismissal of the State Court Petition. N&W attempts to conflate Rule F's framework with this court's improper joinder precedent: "The suggestion the original lawsuit was without legal effect from its date of filing and subject to immediate dismissal is contrary to the scope of the Limitation Stay Order . . . ." But the district court did not conclude that the State Court Petition was in its entirety without "legal effect from its date of filing"; instead, the court determined that it was "'void and without legal effect' *as to N&W* . . . ." Thus, N&W was dismissed because it was improperly joined at the time of removal. Then, because all other defendants had been dismissed from the State Court Petition, no case remained before the district court. To accept N&W's argument, we would have to conclude that the district court should have retained jurisdiction over a case with no defendants. This cannot be so.[11]

N&W's analogies to bankruptcy proceedings, which are governed by bankruptcy rules, are unpersuasive for the same reasons as its attempted analogies to Rule F. We therefore decline to address them further.[12]

## III.

In his cross appeal, Wooley asserts that the district court erred in denying his motion to remand. Wooley makes three arguments. We need not plumb the depths of these contentions, but we will briefly discuss why each fails.

---

[11] Moreover, as Wooley correctly points out, N&W's arguments are contradictory. N&W admits that it was improperly joined. If the district court had concluded otherwise, the parties would not be diverse, and the case would not have been removable. Either way, a federal court would not have jurisdiction over Wooley's claims against N&W.

[12] We need not, and do not, decide the precise scope of a district court's authority pursuant to Rule F because N&W's arguments fail under our improper joinder precedent.

No. 23-30112

First, he contends that N&W was not improperly joined and there was a lack of complete diversity at the time of removal. For the reasons stated above, we disagree with Wooley and find that the district court did not err in determining N&W was improperly joined.

Next, Wooley asserts that the State Court Petition was not removable pursuant to the saving to suitors clause because N&W failed to "identify an independent basis [for] federal subject matter jurisdiction (other than admiralty)." Though we agree that N&W has not properly asserted any independent basis for federal jurisdiction, RCC did, i.e., diversity jurisdiction. Thus, removal was proper as to the other State Court Petition defendants, and the motion to remand was correctly denied.

Finally, Wooley contends the district court lost jurisdiction after it lifted the Stay Order, and therefore the district court should have granted its motion to remand. This point is mooted by our conclusion that N&W was improperly joined and by the dismissal of the remaining defendants from the State Court Petition. At the time of removal, N&W was improperly joined in violation of the Stay Order and was dismissed. The other parties, who were properly joined, later resolved their claims. Were we to find that the district court lost jurisdiction at the time the Stay Order was lifted, the end result for Wooley would be the same: N&W would be dismissed on the basis of improper joinder, and the State Court Petition would have been dismissed because no defendants remained.

## IV.

N&W was improperly joined as a defendant in the State Court Petition. When RCC removed the case to federal court, the district court properly dismissed N&W from the case, disregarded its citizenship, and then denied Wooley's motion to remand. Once N&W was dismissed and no

15

No. 23-30112

defendants remained in the case, the district court properly severed and dismissed the State Court Petition.

AFFIRMED.